Charles S. LiMandri (Bar No. 110841)
Paul M. Jonna (Bar No. 265389)
**LIMANDRI & JONNA LLP**
P.O. Box 9120
Rancho Santa Fe, California  92067
Telephone: 858-759-9930
climandri@limandri.com
pjonna@limandri.com

Adam J. Levitt*
**DiCELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois  60602
Telephone:  312-214-7900
alevitt@dicellolevitt.com

Mark Lanier*
**THE LANIER LAW FIRM PC**
10940 West Sam Houston Pkwy. North
Suite 100
Houston, Texas  77064
Telephone:  713-659-5200
WML@lanierlawfirm.com

*Applications for admission *pro hac vice* to be filed

Counsel for Plaintiffs and the Proposed Classes (*additional counsel appear on signature page*)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNMASKED MANAGEMENT, INC., LUCHA LIBRE GOURMET TACO SHOP #1 LP, LUCHA LIBRE GOURMET TACO SHOP #2 LP, LUCHA LIBRE GOURMET TACO SHOP #3 LP,** individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>v.<br><br>**CENTURY-NATIONAL INSURANCE COMPANY**,<br><br>          Defendant. | Case No.  '20CV1129 H    MDD<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>(1) BREACH OF CONTRACT; and<br>(2) DECLARATORY JUDGMENT<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Unmasked Management, Inc., Lucha Libre Gourmet Taco Shop #1 LP, Lucha Libre Gourmet Taco Shop #2 LP, and Lucha Libre Gourmet Taco Shop #3 LP (collectively "Lucha Libre Plaintiffs" and "Plaintiffs")[1], individually and on behalf of the other members of the below-defined nationwide classes (collectively, the "Class"), bring this class action against Defendant Century-National Insurance Company ("Century-National"), and in support thereof state the following:

## I.    NATURE OF THE ACTION

1.    Lucha Libre Plaintiffs own and operate Lucha Libre Gourmet Taco Shops, located in San Diego and Carlsbad, California. Their existence, however, is now threatened by COVID-19 (a.k.a. the "coronavirus" or "SARS-CoV-2").

2.    To protect their businesses in the event that they suddenly had to suspend operations for reasons outside of their control, or if they had to act in order to prevent further property damage, Plaintiffs purchased insurance coverage from Century-National, including special property coverage, as set forth in Century-National's Businessowner's Business Income (and Extra Expense) Coverage Form (Form CP 00 30 04 02) ("Special Property Coverage Form").

/ / /

---

[1] Plaintiff and Named Insured Unmasked Management Inc. is the manager and managing agent for Plaintiff Lucha Libre Gourmet Taco Shop #1 LP, Plaintiff Lucha Libre Gourmet Taco Shop #2 LP, and Plaintiff Lucha Libre Gourmet Taco Shop #3 LP. Plaintiff Lucha Libre Gourmet Taco Shop #1 LP, Plaintiff Lucha Libre Gourmet Taco Shop #2 LP, and Plaintiff Lucha Libre Gourmet Taco Shop #3 LP are the same as the Named Insured's D/B/A and are listed as insured premises on the subject policy's declarations. Plaintiff Unmasked Management Inc. has standing to bring this claim against Century National on behalf of all of these Plaintiff Lucha Libre Companies. Moreover, Century-National had notice of these other insured Lucha Libre companies as evidenced by the inclusion of the D/B/A and insured premises on the subject policy's declarations. This was further clarified by their addition as named insureds in an amendatory endorsement to the Policy, with an effective date of May 26, 2020, during the subject policy period, which is attached as Exhibit B.

3.  Century-National's Special Property Coverage Form provides "Business Income" coverage, which promises to pay for loss due to the necessary suspension of operations following loss to property.

4.  Century-National's Special Property Coverage Form also provides "Civil Authority" coverage, which promises to pay for loss caused by the action of a civil authority that prohibits access to the insured premises.

5.  Century-National's Special Property Coverage Form also provides "Extra Expense" coverage, which promises to pay the expense incurred to minimize the suspension of business and to continue operations.

6.  Century-National's Special Property Coverage Form, under a section entitled "Duties in the Event of Loss" mandates that Century-National's insured "must see that the following are done in the event of loss. . . [t]ake all reasonable steps to protect the Covered Property from further damage and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim."  This is commonly referred to as "Sue and Labor" coverage.

7.  Unlike many policies that provide Business Income coverage (also referred to as "business interruption" coverage), Century-National's Special Property Coverage Form does not include, and is not subject to, any exclusion for losses caused by the spread of viruses or communicable diseases.

8.  Plaintiffs were forced to suspend or reduce business at their restaurants due to COVID-19 and the resultant closure orders issued by civil authorities in California.

9.  Upon information and belief, Century-National has, on a widescale and uniform basis, refused to pay its insureds under its Business Income, Civil Authority, Extra Expense, and Sue and Labor coverages for losses suffered due to COVID-19, any orders by civil authorities that have required the necessary suspension of business, and any efforts to prevent further property damage or to minimize the suspension of business and continue operations.

## II.    JURISDICTION AND VENUE

10.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because Defendant and at least one member of the Class are citizens of different states and because: (a) the Class consists of at least 100 members; (b) the amount in controversy exceeds $5,000,000 exclusive of interest and costs; and (c) no relevant exceptions apply to this claim.

11.    Venue is proper in this District under 28 U.S.C. § 1391, because Lucha Libre Plaintiffs reside in this District and a substantial portion of the acts and conduct giving rise to the claims occurred within the District.

## III.    THE PARTIES

*Plaintiff*

12.    Lucha Libre Plaintiffs comprise several California corporations and limited partnerships under common ownership, with their principal place of business in San Diego, California.  Plaintiffs own and operate Lucha Libre Gourmet Taco Shops in San Diego and Carlsbad, California.

*Defendant*

13.    Defendant Century-National is an insurance company organized under the laws of the State of California, with its principal place of business in Van Nuys, California.  It is authorized to write, sell, and issue insurance policies providing property and business income coverage in California.  At all times material hereto, Century-National conducted and transacted business through the selling and issuing of insurance policies within California, including, but not limited to, selling and issuing property coverage to Plaintiffs.

## IV.    FACTUAL BACKGROUND

*A.    The Special Property Coverage Form*

14.    In return for the payment of a premium, Century-National issued Policy No. 77A4001353-03 to Plaintiffs for a policy period of July 14, 2019 to July 14, 2020, including a Businessowners Special Property Coverage Form.  Policy No.

77A4001353-03 is attached hereto as Exhibit A.  Plaintiffs have performed all of their obligations under Policy No. 77A4001353-03, including the payment of premiums.  The Covered Properties, with respect to the Special Property Coverage Form, are the Lucha Libre Gourmet Taco Shops at 1810 West Washington Street, San Diego, California 92103; 3016 University Avenue, San Diego, California 92104; and 2525 El Camino Real, Suite 218-C, Carlsbad, California 92008.

15.    In many parts of the world, property insurance is sold on a specific peril basis.  Such policies cover a risk of loss if that risk of loss is specifically listed (e.g., hurricane, earthquake, H1N1, etc.).  Most property policies sold in the United States, however, including those sold by Century-National, are all-risk property damage policies.  These types of policies cover all risks of loss except for risks that are expressly and specifically excluded.  Through its policy's Causes of Loss Form and Special Property Coverage Form, Century-National agreed to pay for the risks of direct physical loss to Covered Property unless the loss was excluded or limited by the policy.

16.    In the policy, Century-National did not exclude or limit the Business Income, Civil Authority, Extra Expense, and Sue & Labor coverages for losses due to virus.  While the policy contains an exclusion for losses caused by "Fungus, Wet Rot, Dry Rot, and Bacteria," it does not include exclude losses caused by virus.

17.    Losses due to COVID-19 are a Covered Cause of Loss under Century-National policies with the Special Property Coverage Form.

18.    In the Special Property Coverage Form, Century-National agreed to pay for its insureds' actual loss of Business Income sustained due to the necessary suspension of its operations during the "period of restoration" caused by direct physical loss or damage.  A "slowdown or cessation" of business activities at the Covered Property is a "suspension" under the policy, for which Century-National agreed to pay for loss of Business Income during the "period of restoration" that begins within 72 hours after the time of direct physical loss or damage.

19.    "Business Income" means net income (or loss) before tax that Plaintiffs and the other Class members would have earned "if no physical loss or damage had occurred" as well as continuing normal operating expenses incurred.

20.    The presence of virus or disease can constitute physical damage to property, as the insurance industry has recognized since at least 2006.   When preparing so-called "virus" exclusions to be placed in some policies, but not others, the insurance industry drafting arm, ISO, circulated a statement to state insurance regulators that included the following:

> Disease-causing agents may render a product impure (change its quality or substance), or enable the spread of disease by their presence on interior building surfaces or the surfaces of personal property.  When disease-causing viral or bacterial contamination occurs, potential claims involve the cost of replacement of property (for example, the milk), cost of decontamination (for example, interior building surfaces), and business interruption (time element) losses.  Although building and personal property could arguably become contaminated (often temporarily) by such viruses and bacteria, the nature of the property itself would have a bearing on whether there is actual property damage. An allegation of property damage may be a point of disagreement in a particular case.

21.    In the Special Property Coverage Form, Century-National also agreed to pay necessary Extra Expense that its insureds incur during the "period of restoration" that the insureds would not have incurred if there had been no direct physical loss or damage to the Covered Property.

22.    "Extra Expense" includes expenses to avoid or minimize the suspension of business, continue operations, and to repair or replace property.

23.    Century-National also agreed to "pay for the actual loss of Business Income" that Plaintiffs sustain "and any Extra Expense caused by action of civil authority that prohibits access to" the Covered Property when a Covered Cause of Loss causes damage to property near the Covered Property, the civil authority prohibits access to property immediately surrounding the damaged property, the Covered Property is within the prohibited area, and the civil authority action is taken

"in response to dangerous physical conditions."

24.    Century-National's Special Property Coverage Form, under a section entitled "Duties in the Event of Loss" mandates that Century-National's insured "must see that the following are done in the event of loss. . . [t]ake all reasonable steps to protect the Covered Property from further damage and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim."  This is commonly referred to as "Sue and Labor" coverage.

25.    Losses caused by COVID-19 and the related orders issued by local, state, and federal authorities triggered the Business Income, Extra Expense, Civil Authority, and Sue and Labor provisions of the Century-National policy.

**B.    *The Covered Cause of Loss***

26.    The presence of COVID-19 has caused civil authorities throughout the country to issue orders requiring the suspension of business at a wide range of establishments, including civil authorities with jurisdiction over Plaintiffs' businesses (the "Closure Orders").

**1.    The San Diego and California Closure Orders**

27.    On March 4, 2020, California Governor Gavin Newsom issued Executive Order N-45-20 (the "California Emergency Order"), which declared a state of emergency in response to expected impacts arising from the COVID-19 pandemic. The California Emergency Order required citizens to heed orders and guidance from the California Department of Health regarding limits on group size and social distancing.

28.    On March 16, 2020, San Diego County issued a civil authority order requiring the closure of bars in San Diego County and banning dine-in eating in San Diego County.

29.    On or about March 19, 2020, California Governor Gavin Newsom issued Executive Order N-33-20 (the "California Executive Order") and "order[ed] all individuals living in the State of California to stay home or at their place of

residence" save for those participating in economic sectors deemed "Essential Critical Infrastructure." Although restaurants and food service are deemed "Essential Critical Infrastructure" under Governor Newsom's Executive Order, Plaintiff was forced to prohibit on-site dining, severely limiting the number of customers that Plaintiffs could service and effectuating a disastrous evaporation of Plaintiffs' business income.

30. The San Diego County and State of California Closure Orders were issued in response to the rapid spread of COVID-19 throughout California.

31. Violations of the San Diego County and State of California Closure Orders are punishable by fine, imprisonment, or both.

**2.** **The Impact of COVID-19 and the Closure Orders**

32. The presence of COVID-19 caused direct physical loss of or damage to the covered property under Plaintiffs' policy, and the policy of the other Class members, by denying use of and damaging the covered property, and by causing a necessary suspension of operations during a period of restoration.

33. The Closure Orders, including the issuance of San Diego and California Closure Orders, prohibited access to Plaintiffs and the other Class members' Covered Property, and the area immediately surrounding Covered Property, in response to dangerous physical conditions resulting from a Covered Cause of Loss.

34. As a result of the presence of COVID-19 and the Closure Orders, Plaintiffs and the other Class members lost Business Income and incurred Extra Expense.

35. Plaintiffs submitted a claim for loss to Century-National under its policy due to the presence of COVID-19 and the Closure Orders, and Century-National denied that claim.

/ / /

/ / /

/ / /

## V.    CLASS ACTION ALLEGATIONS

36.    Plaintiffs bring this action pursuant to Rules 23(a), 23(b)(1), 23(b)(2), 23(b)(3), and 23(c)(4) of the Federal Rules of Civil Procedure, individually and on behalf of all others similarly situated.

37.    The Lucha Libre Plaintiffs seek to represent nationwide classes defined as:

- All persons and entities that: (a) had Business Income coverage under a property insurance policy issued by Century-National; (b) suffered a suspension of business related to COVID-19, at the premises covered by their Century-National property insurance policy; (c) made a claim under their property insurance policy issued by Century-National; and (d) were denied Business Income coverage by Century-National for the suspension of business resulting from the presence or threat of COVID-19 (the "Business Income Breach Class").

- All persons and entities that: (a) had Civil Authority coverage under a property insurance policy issued by Century-National; (b) suffered loss of Business Income and/or Extra Expense caused by action of a civil authority; (c) made a claim under their property insurance policy issued by Century-National; and (d) were denied Civil Authority coverage by Century-National for the loss of Business Income and/or Extra Expense caused by a Closure Order (the "Civil Authority Breach Class").

- All persons and entities that: (a) had Extra Expense coverage under a property insurance policy issued by Century-National; (b) sought to minimize the suspension of business in connection with COVID-19 at the premises covered by their Century-National property insurance policy; (c) made a claim under their property insurance policy issued by Century-National; and (d) were denied Extra Expense coverage by Century-National despite their efforts to minimize the suspension of business caused by COVID-19 (the "Extra Expense Breach Class").

/ / /

- All persons and entities that: (a) had a Sue and Labor provision under a property insurance policy issued by Century-National; (b) sought to prevent property damage caused by COVID-19 by suspending or reducing business operations, at the premises covered by their Century-National property insurance policy; (c) made a claim under their property insurance policy issued by Century-National; and (d) were denied Sue and Labor coverage by Century-National in connection with the suspension of business caused by COVID-19 (the "Sue and Labor Breach Class").

38.   The Lucha Libre Plaintiffs seek to represent nationwide classes defined as:

- All persons and entities with Business Income coverage under a property insurance policy issued by Century-National that suffered a suspension of business due to COVID-19 at the premises covered by the business income coverage (the "Business Income Declaratory Judgment Class").

- All persons and entities with Civil Authority coverage under a property insurance policy issued by Century-National that suffered loss of Business Income and/or Extra Expense caused by a Closure Order (the "Civil Authority Declaratory Judgment Class").

- All persons and entities with Extra Expense coverage under a property insurance policy issued by Century-National that sought to minimize the suspension of business in connection with COVID-19 at the premises covered by their Century-National property insurance policy (the "Extra Expense Declaratory Judgment Class").

- All persons and entities with a Sue and Labor provision under a property insurance policy issued by Century-National that sought to prevent property damage caused by COVID-19 by suspending or reducing business operations, at the premises covered by their Century-National property insurance policy (the "Sue and Labor Declaratory Judgment Class").

- 9 -

39.    Excluded from each defined Class is Defendant and any of its members, affiliates, parents, subsidiaries, officers, directors, employees, successors, or assigns; governmental entities; and the Court staff assigned to this case and their immediate family members.  Plaintiffs reserve the right to modify or amend each of the Class definitions, as appropriate, during the course of this litigation.

40.    This action has been brought and may properly be maintained on behalf of each Class proposed herein under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

41.    **Numerosity—Federal Rule of Civil Procedure 23(a)(1).**    The members of each defined Class are so numerous that individual joinder of all Class members is impracticable.  While Plaintiffs are informed and believe that there are thousands of members of each Class, the precise number of Class members is unknown to Plaintiffs but may be ascertained from Defendant's books and records.  Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, internet postings, and/or published notice.

42.    **Commonality and Predominance—Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).**  This action involves common questions of law and fact, which predominate over any questions affecting only individual Class members, including, without limitation:

       a.  Century-National issued all-risk policies to the members of the Class in exchange for payment of premiums by the Class members;

       b.  whether the Class suffered a covered loss based on the common policies issued to members of the Class;

       c.  whether Century-National wrongfully denied all claims based on COVID-19;

       d.  whether Century-National's Business Income coverage applies to a suspension of business caused by COVID-19;

- 10 -

e. whether Century-National's Civil Authority coverage applies to a loss of Business Income caused by the orders of state governors requiring the suspension of business as a result of COVID-19;

f. whether Century-National's Extra Expense coverage applies to efforts to minimize a loss caused by COVID-19;

g. whether Century-National's Sue and Labor provision applies to require Century-National to pay for efforts to reduce damage caused by COVID-19;

h. whether Century-National has breached its contracts of insurance through a blanket denial of all claims based on business interruption, income loss or closures related to COVID-19 and the related closures;

i. whether Plaintiff and the Class are entitled to an award of reasonable attorney fees, interest and costs.

43. **Typicality—Federal Rule of Civil Procedure 23(a)(3).** Plaintiffs' claims are typical of the other Class members' claims because Plaintiffs and the other Class members are all similarly affected by Defendant's refusal to pay under its Business Income, Civil Authority, Extra Expense, and Sue and Labor coverages. Plaintiffs' claims are based upon the same legal theories as those of the other Class members. Plaintiffs and the other Class members sustained damages as a direct and proximate result of the same wrongful practices in which Defendant engaged.

44. **Adequacy of Representation—Federal Rule of Civil Procedure 23(a)(4).** Plaintiffs are adequate Class representatives because their interests do not conflict with the interests of the other Class members who they seek to represent, Plaintiffs have retained counsel competent and experienced in complex class action litigation, including successfully litigating class action cases similar to this one, where insurers breached contracts with insureds by failing to pay the amounts owed under their policies, and Plaintiffs intend to prosecute this action vigorously. The

/ / /

interests of the above-defined Classes will be fairly and adequately protected by Plaintiffs and their counsel.

45. **Inconsistent or Varying Adjudications and the Risk of Impediments to Other Class Members' Interests—Federal Rule of Civil Procedure 23(b)(1).** Plaintiffs seek class-wide adjudication as to the interpretation, and resultant scope, of Defendant's Business Income, Civil Authority, Extra Expense, and Sue and Labor coverages. The prosecution of separate actions by individual members of the Classes would create an immediate risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for the Defendant. Moreover, the adjudications sought by Plaintiffs could, as a practical matter, substantially impair or impede the ability of other Class members, who are not parties to this action, to protect their interests.

46. **Declaratory and Injunctive Relief—Federal Rule of Civil Procedure 23(b)(2).** Defendant acted or refused to act on grounds generally applicable to Plaintiffs and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class members.

47. **Superiority—Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

/ / /

/ / /

/ / /

## VI.    CLAIMS FOR RELIEF

### COUNT I
### BREACH OF CONTRACT -- BUSINESS INCOME COVERAGE
#### (Claim Brought on Behalf of the Business Income Breach Class)

48.    Lucha Libre Plaintiffs ("Plaintiffs" for the purpose of this claim) repeat and reallege Paragraphs 1-47 as if fully set forth herein.

49.    Plaintiffs bring this Count individually and on behalf of the other members of the Business Income Breach Class.

50.    Plaintiffs' Century-National policy, as well as those of the other Business Income Breach Class members, are contracts under which Century-National was paid premiums in exchange for its promise to pay Plaintiffs and the other Business Income Breach Class members' losses for claims covered by the policy.

51.    In the Special Property Coverage Form, Century-National agreed to pay for its insureds' actual loss of Business Income sustained due to the necessary suspension of its operations during the "period of restoration."

52.    A "slowdown or cessation" of business activities at the Covered Property is a "suspension" under the policy, for which Century-National agreed to pay for loss of Business Income during the "period of restoration" that begins within 72 hours after the time of direct physical loss or damage.

53.    "Business Income" means net income (or loss) before tax that Plaintiffs and the other Business Income Breach Class members would have earned "if no physical loss or damage had occurred" as well as continuing normal operating expenses incurred.

54.    COVID-19 caused direct physical loss and damage to Plaintiffs' and the other Business Income Breach Class members' Covered Properties, requiring suspension of operations at the Covered Properties.  Losses caused by COVID-19

/ / /

- 13 -

thus triggered the Business Income provision of Plaintiffs' and the other Business Income Breach Class members' Century-National policies.

55.    Plaintiffs and the other Business Income Breach Class members have complied with all applicable provisions of their policies and/or those provisions have been waived by Century-National or Century-National is estopped from asserting them, and yet Century-National has abrogated its insurance coverage obligations pursuant to the policies' clear and unambiguous terms.

56.    By denying coverage for any Business Income losses incurred by Plaintiffs and the other Business Income Breach Class members in connection with the COVID-19 pandemic, Century-National has breached its coverage obligations under the policies.

57.    As a result of Century-National's breaches of the policies, Plaintiffs and the other Business Income Breach Class members have sustained substantial damages for which Century-National is liable, in an amount to be established at trial.

**COUNT II**
**BREACH OF CONTRACT – CIVIL AUTHORITY COVERAGE**

**(Claim Brought on Behalf of the Civil Authority Breach Class)**

58.    Lucha Libre Plaintiffs ("Plaintiffs" for the purpose of this claim) repeat and reallege Paragraphs 1-47 as if fully set forth herein.

59.    Plaintiffs brings this Count individually and on behalf of the other members of the Civil Authority Breach Class.

60.    Plaintiffs' Century-National insurance policy, as well as those of the other Civil Authority Breach Class members, are contracts under which Century-National was paid premiums in exchange for its promise to pay Plaintiffs' and the other Civil Authority Breach Class members' losses for claims covered by the policy.

61.    Century-National agreed to "pay for the actual loss of Business Income" that Plaintiffs sustain "and any Extra Expense caused by action of civil

authority that prohibits access to" the Covered Property when a Covered Cause of Loss causes damage to property near the Covered Property, the civil authority prohibits access to property immediately surrounding the damaged property, the Covered Property is within the prohibited area, and the civil authority action is taken "in response to dangerous physical conditions."

62.    The Closure Orders triggered the Civil Authority provision under Plaintiffs' and the other members of the Civil Authority Breach Class's Century-National insurance policies.

63.    Plaintiffs and the other members of the Civil Authority Breach Class have complied with all applicable provisions of the policies, and/or those provisions have been waived by Century-National, or Century-National is estopped from asserting them, and yet Century-National has abrogated its insurance coverage obligations pursuant to the Policies' clear and unambiguous terms.

64.    By denying coverage for any business losses incurred by Plaintiffs and other members of the Civil Authority Breach Class in connection with the Closure Orders and the COVID-19 pandemic, Century-National has breached its coverage obligations under the policies.

65.    As a result of Century-National's breaches of the policies, Plaintiffs and the other members of the Civil Authority Breach Class have sustained substantial damages for which Century-National is liable, in an amount to be established at trial.

**COUNT III**
**BREACH OF CONTRACT – EXTRA EXPENSE COVERAGE**

**(Claim Brought on Behalf of the Extra Expense Breach Class)**

66.    Lucha Libre Plaintiffs ("Plaintiffs" for the purpose of this claim) repeat and reallege Paragraphs 1-47 as if fully set forth herein.

67.    Plaintiffs brings this Count individually and on behalf of the other members of the Extra Expense Breach Class.

/ / /

68.   Plaintiffs' Century-National insurance policy, as well as those of the other Extra Expense Breach Class members, are contracts under which Century-National insurance was paid premiums in exchange for its promise to pay Plaintiffs' and the other Extra Expense Breach Class members' losses for claims covered by the policy.

69.   In the Special Property Coverage Form, Century-National also agreed to pay necessary Extra Expense that its insureds incur during the "period of restoration" that the insureds would not have incurred if there had been no direct physical loss or damage to the Covered Property.

70.   "Extra Expense" includes expenses to avoid or minimize the suspension of business, continue operations, and to repair or replace property.

71.   Due to COVID-19 and the Closure Orders, Plaintiffs and the other members of the Extra Expense Breach Class incurred Extra Expense at Covered Property.

72.   Plaintiffs and the other members of the Extra Expense Breach Class have complied with all applicable provisions of the policies and/or those provisions have been waived by Century-National or Century-National is estopped from asserting them, and yet Century-National has abrogated its insurance coverage obligations pursuant to the policies' clear and unambiguous terms.

73.   By denying coverage for any business losses incurred by Plaintiffs and the other members of the Extra Expense Breach Class in connection with the Closure Orders and the COVID-19 pandemic, Century-National has breached its coverage obligations under the policies.

74.   As a result of Century-National's breaches of the policies, Plaintiffs and the other members of the Extra Expense Breach Class have sustained substantial damages for which Century-National is liable, in an amount to be established at trial.

/ / /

/ / /

**COUNT IV**
**<u>BREACH OF CONTRACT – SUE AND LABOR COVERAGE</u>**
**(Claim Brought on Behalf of the Sue and Labor Breach Class)**

75.    Lucha Libre Plaintiffs ("Plaintiffs" for the purpose of this claim) repeat and reallege Paragraphs 1-47 as if fully set forth herein.

76.    Plaintiffs brings this Count individually and on behalf of the other members of the Sue and Labor Breach Class.

77.    Plaintiffs' Century-National policy, as well as those of the other Sue and Labor Breach Class members, are contracts under which Century-National was paid premiums in exchange for its promise to pay Plaintiffs and the other Sue and Labor Breach Class members' losses for claims covered by the policy.

78.    In the Special Property Coverage Form, Century-National agreed to give due consideration in settlement of a claim to expenses incurred in taking all reasonable steps to protect Covered Property from further damage.

79.    In complying with the Closure Orders and otherwise suspending or limiting operations, Plaintiffs and other members of the Sue and Labor Breach Class incurred expenses in connection with reasonable steps to protect Covered Property.

80.    Plaintiffs and the other members of the Sue and Labor Breach Class have complied with all applicable provisions of the policy and/or those provisions have been waived by Century-National, or Century-National is estopped from asserting them, and yet Century-National has abrogated its insurance coverage obligations pursuant to the policies' clear and unambiguous terms.

81.    By denying coverage for any Sue and Labor expenses incurred by Plaintiffs and the other members of the Sue and Labor Breach Class in connection with the Closure Orders and the COVID-19 pandemic, Century-National has breached its coverage obligations under the policies.

82.    As a result of Century-National's breaches of the policies, Plaintiffs and the other members of the Sue and Labor Breach Class have sustained substantial damages for which Century-National is liable, in an amount to be established at trial.

## COUNT V
## DECLARATORY JUDGMENT – BUSINESS INCOME COVERAGE

**(Claim Brought on Behalf of the Business Income Declaratory Judgment Class)**

83.    Lucha Libre Plaintiffs ("Plaintiffs" for the purpose of this claim) repeat and reallege Paragraphs 1-47 as if fully set forth herein.

84.    Plaintiffs brings this Count individually and on behalf of the other members of the Business Income Declaratory Judgment Class.

85.    Plaintiffs' Century-National policy, as well as those of the other Business Income Declaratory Judgment Class members, are contracts under which Century-National was paid premiums in exchange for its promise to pay Plaintiffs' and the other Business Income Declaratory Judgment Class members' losses for claims covered by the policy.

86.    Plaintiffs and the other Business Income Declaratory Judgment Class members have complied with all applicable provisions of the policies and/or those provisions have been waived by Century-National, or Century-National is estopped from asserting them, and yet Century-National has abrogated its insurance coverage obligations pursuant to the policies' clear and unambiguous terms and has wrongfully and illegally refused to provide coverage to which Plaintiffs and the other Business Income Declaratory Judgment Class members are entitled.

87.    Century-National has denied claims related to COVID-19 on a uniform and class wide basis, without individual bases or investigations, such that the Court can render declaratory judgment irrespective of whether members of the Class have filed a claim.

88.    An actual case or controversy exists regarding Plaintiffs and the other Business Income Declaratory Judgment Class members' rights and Century-National's obligations under the policies to reimburse Plaintiffs for the full amount of Business Income losses incurred by Plaintiffs and the other Business Income

/ / /

Declaratory Judgment Class members in connection with suspension of their businesses stemming from the COVID-19 pandemic.

89.     Pursuant to 28 U.S.C. § 2201, Plaintiffs and the other Business Income Declaratory Judgment Class members seek a declaratory judgment from this Court declaring the following:

      i.     Plaintiffs and the other Business Income Declaratory Judgment Class members' Business Income losses incurred in connection with the Closure Orders and the necessary interruption of their businesses stemming from the COVID-19 pandemic are insured losses under their policies; and

      ii.     Century-National is obligated to pay Plaintiffs and the other Business Income Declaratory Judgment Class members for the full amount of the Business Income losses incurred and to be incurred in connection with the Closure Orders during the period of restoration and the necessary interruption of their businesses stemming from the COVID-19 pandemic.

**COUNT VI**
**DECLARATORY JUDGMENT – CIVIL AUTHORITY COVERAGE**

**(Claim Brought on Behalf of the Civil Authority Declaratory Judgment Class)**

90.     Lucha Libre Plaintiffs ("Plaintiffs" for the purpose of this claim) repeat and reallege Paragraphs 1-47 as if fully set forth herein.

91.     Plaintiffs bring this Count individually and on behalf of the other members of the Civil Authority Declaratory Judgment Class.

92.     Plaintiffs' Century-National insurance policy, as well as those of the other Civil Authority Declaratory Judgment Class members, are contracts under which Century-National was paid premiums in exchange for its promise to pay Plaintiffs and the other Civil Authority Declaratory Judgment Class members' losses for claims covered by the policy.

93.    Plaintiffs and the other Civil Authority Declaratory Judgment Class members have complied with all applicable provisions of the policies and/or those provisions have been waived by Century-National, or Century-National is estopped from asserting them, and yet Century-National has abrogated its insurance coverage obligations pursuant to the policies' clear and unambiguous terms and has wrongfully and illegally refused to provide coverage to which Plaintiffs and the other Class members are entitled.

94.    Century-National has denied claims related to COVID-19 on a uniform and class wide basis, without individual bases or investigations, such that the Court can render declaratory judgment irrespective of whether members of the Class have filed a claim.

95.    An actual case or controversy exists regarding Plaintiffs' and the other Civil Authority Declaratory Judgment Class members' rights and Century-National's obligations under the policies to reimburse Plaintiffs and the other Civil Authority Declaratory Judgment Class members for the full amount of covered Civil Authority losses incurred by Plaintiffs and the other Civil Authority Declaratory Judgment Class members in connection with Closure Orders and the necessary interruption of their businesses stemming from the COVID-19 pandemic.

96.    Pursuant to 28 U.S.C. § 2201, Plaintiffs and the other Civil Authority Declaratory Judgment Class members seek a declaratory judgment from this Court declaring the following:

    i.    Plaintiffs and the other Civil Authority Declaratory Judgment Class members' Civil Authority losses incurred in connection with the Closure Orders and the necessary interruption of their businesses stemming from the COVID-19 pandemic are insured losses under their policies; and

    ii.    Century-National is obligated to pay Plaintiffs and the other Civil Authority Declaratory Judgment Class members the full amount of the

Civil Authority losses incurred and to be incurred in connection with the covered losses related to the Closure Orders and the necessary interruption of their businesses stemming from the COVID-19 pandemic.

## COUNT VII
## <u>DECLARATORY JUDGMENT – EXTRA EXPENSE COVERAGE</u>
**(Claim Brought on Behalf of the Extra Expense Declaratory Judgment Class)**

97.    Lucha Libre Plaintiffs ("Plaintiffs" for the purpose of this claim) repeat and reallege Paragraphs 1-47 as if fully set forth herein.

98.    Plaintiffs brings this Count individually and on behalf of the other members of the Extra Expense Declaratory Judgment Class.

99.    Plaintiffs' Century-National insurance policy, as well as those of the other Extra Expense Declaratory Judgment Class members, are contracts under which Century-National was paid premiums in exchange for its promise to pay Plaintiffs and the other Extra Expense Declaratory Judgment Class members' losses for claims covered by the policy.

100.    Plaintiffs and the other Extra Expense Declaratory Judgment Class members have complied with all applicable provisions of the policies and/or those provisions have been waived by Century-National, or Century-National is estopped from asserting them, and yet Century-National has abrogated its insurance coverage obligations pursuant to the policies clear and unambiguous terms and has wrongfully and illegally refused to provide coverage to which Plaintiffs and the other Class members are entitled.

101.    Century-National has denied claims related to COVID-19 on a uniform and class wide basis, without individual bases or investigations, such that the Court can render declaratory judgment irrespective of whether members of the Class have filed a claim.

/ / /

- 21 -

102.   An actual case or controversy exists regarding Plaintiffs' and the other Extra Expense Declaratory Judgment Class members' rights and Century-National's obligations under the policies to reimburse Plaintiffs and the other Extra Expense Declaratory Judgment Class members for the full amount of Extra Expense losses incurred by Plaintiffs and the other Extra Expense Declaratory Judgment Class members in connection with Closure Orders and the necessary interruption of their businesses stemming from the COVID-19 pandemic.

103.   Pursuant to 28 U.S.C. § 2201, Plaintiffs and the other Extra Expense Declaratory Judgment Class members seek a declaratory judgment from this Court declaring the following:

    i.   Plaintiffs' and the other Extra Expense Declaratory Judgment Class members' Extra Expense losses incurred in connection with the Closure Orders and the necessary interruption of their businesses stemming from the COVID-19 pandemic are insured losses under their policies; and

    ii.   Century-National is obligated to pay Plaintiffs and the other Extra Expense Declaratory Judgment Class members for the full amount of the Extra Expense losses incurred and to be incurred in connection with the covered losses related to the Closure Orders during the period of restoration and the necessary interruption of their businesses stemming from the COVID-19 pandemic.

**COUNT VIII**
**DECLARATORY JUDGMENT – SUE AND LABOR COVERAGE**

**(Claim Brought on Behalf of the Sue and Labor Declaratory Judgment Class)**

104.   Lucha Libre Plaintiffs ("Plaintiffs" for the purpose of this claim) repeat and reallege Paragraphs 1-47 as if fully set forth herein.

105.   Plaintiffs brings this Count individually and on behalf of the other members of the Sue and Labor Declaratory Judgment Class.

106.   Plaintiffs' Century-National insurance policy, as well as those of the other Sue and Labor Declaratory Judgment Class members, are contracts under which Century-National was paid premiums in exchange for its promise to pay Plaintiffs and the other Sue and Labor Declaratory Judgment Class members' reasonably incurred expenses to protect Covered Property.

107.   Plaintiffs and the other Sue and Labor Declaratory Judgment Class members have complied with all applicable provisions of the policies and/or those provisions have been waived by Century-National, or Century-National is estopped from asserting them, and yet Century-National has abrogated its insurance coverage obligations pursuant to the policies' clear and unambiguous terms and has wrongfully and illegally refused to provide coverage to which Plaintiffs are entitled.

108.   Century-National has denied claims related to COVID-19 on a uniform and class wide basis, without individual bases or investigations, such that the Court can render declaratory judgment irrespective of whether members of the Class have filed a claim.

109.   An actual case or controversy exists regarding Plaintiffs' and the other Sue and Labor Declaratory Judgment Class members' rights and Century-National's obligations under the policies to reimburse Plaintiffs and the other Sue and Labor Declaratory Judgment Class members for the full amount Plaintiffs and the other members of the Sue and Labor Declaratory Judgment Class reasonably incurred to protect Covered Property from further damage by COVID-19.

110.   Pursuant to 28 U.S.C. § 2201, Plaintiffs and the other Sue and Labor Declaratory Judgment Class members seek a declaratory judgment from this Court declaring the following:

      i.   Plaintiffs and the other Sue and Labor Declaratory Judgment Class members reasonably incurred expenses to protect Covered Property from further damage by COVID-19 are insured losses under their policies; and

ii.   Century-National is obligated to pay Plaintiffs and the other Sue and Labor Declaratory Judgment Class members for the full amount of the expenses they reasonably incurred to protect Covered Property from further damage by COVID-19.

## VII.   REQUEST FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the other Class members, respectfully request that the Court enter judgment in their favor and against Defendant as follows:

a.   Entering an order certifying the proposed nationwide Classes, as requested herein;

b.   Entering an order designating Lucha Libre Plaintiffs as Class representatives for the Business Income Breach Class, the Civil Authority Breach Class, the Extra Expense Breach Class, and the Sue and Labor Breach Class, and appointing Plaintiff's undersigned attorneys as Counsel for these Classes;

c.   Entering an order designating Lucha Libre Plaintiffs as Class representatives for the Business Income Declaratory Judgment Class, the Civil Authority Declaratory Judgment Class, the Extra Expense Declaratory Judgment Class, and the Sue and Labor Judgment Class, and appointing Plaintiffs' undersigned attorneys as Counsel for these Classes;

d.   Entering judgment on Counts I-IV in favor of Lucha Libre Plaintiffs and the members of the Business Income Breach Class, the Civil Authority Breach Class, the Extra Expense Breach Class, and the Sue and Labor Breach Class; and awarding damages for breach of contract in an amount to be determined at trial;

e.   Entering declaratory judgments on Counts V-VIII in favor of Lucha Libre Plaintiffs and the members of the Business Income Declaratory Judgment Class, the Civil Authority Declaratory Judgment Class, the Extra Expense Declaratory Judgment Class, and the Sue and Labor Declaratory Judgment Class as follows:

i.   Business Income, Civil Authority, Extra Expense, and Sue and Labor losses incurred in connection with the Closure Orders and the necessary interruption of their businesses stemming from the COVID-19 pandemic are insured losses under their policies; and

ii.   Century-National is obligated to pay for the full amount of the Business Income, Civil Authority, Extra Expense, and Sue and Labor losses incurred and to be incurred related to COVID-19, the Closure Orders and the necessary interruption of their businesses stemming from the COVID-19 pandemic;

f.   Ordering Defendant to pay both pre- and post-judgment interest on any amounts awarded;

g.   Ordering Defendant to pay attorneys' fees and costs of suit; and

h.   Ordering such other and further relief as may be just and proper.

## VIII. <u>JURY DEMAND</u>

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated:  June 19, 2020                    Respectfully submitted,

*/s/*  Charles S. LiMandri
Charles S. Limandri (Bar No. 110841)
Paul M. Jonna (Bar No. 265389)
**LIMANDRI & JONNA LLP**
P.O. Box 9120
Rancho Santa Fe, California  92067
Telephone: 858-759-9930
climandri@limandri.com
pjonna@limandri.com

Adam J. Levitt*
Amy E. Keller*
Daniel R. Ferri*
Mark Hamill*
Laura E. Reasons*
**DiCELLO LEVITT GUTZLER LLC**

- 25 -

Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Telephone: 312-214-7900
alevitt@dicellolevitt.com
akeller@dicellolevitt.com
dferri@dicellolevitt.com
mhamill@dicellolevitt.com
lreasons@dicellolevitt.com

Mark A. DiCello*
Kenneth P. Abbarno*
Mark Abramowitz*
**DICELLO LEVITT GUTZLER LLC**
7556 Mentor Avenue
Mentor, Ohio 44060
Telephone: 440-953-8888
madicello@dicellolevitt.com
kabbarno@dicellolevitt.com
mabramowitz@dicellolevitt.com

Mark Lanier*
Alex Brown*
**THE LANIER LAW FIRM PC**
10940 West Sam Houston Parkway North
Suite 100
Houston, Texas 77064
Telephone: 713-659-5200
WML@lanierlawfirm.com
alex.brown@lanierlawfirm.com

Timothy W. Burns
Jeff J. Bowen
Jesse J. Bair
Freya K. Bowen
**BURNS BOWEN BAIR LLP**
One South Pinckney Street, Suite 930
Madison, Wisconsin 53703
Telephone: 608-286-2302
tburns@bbblawllp.com
jbowen@bbblawllp.com
jbair@bbblawllp.com
fbowen@bbblawllp.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Douglas Daniels*
**DANIELS & TREDENNICK**
6363 Woodway, Suite 700
Houston, Texas  77057
Telephone:  713-917-0024
douglas.daniels@dtlawyers.com

***Counsel for Plaintiff
and the Proposed Classes***

*Applications for admission *pro hac vice* to be filed